IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANNON R.,[1]

          Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

No. 6:22-cv-01867-HZ

OPINION & ORDER

Katie Taylor
Wells, Manning, Eitenmiller & Taylor, P.C.
474 Willamette Street
Eugene, Oregon 97401

    Attorney for Plaintiff

Natalie K. Wright
Assistant United States Attorney
District of Oregon
Kevin Danielson
Executive Assistant U.S. Attorney

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

1000 SW Third Avenue, Suite 600
Portland, OR 97204

Joseph J. Langkamer
Social Security Administration
Office of the General Counsel
6401 Security Blvd.
Baltimore, MD 21235

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Shannon R. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB on February 12, 2018, and SSI on September 7, 2018, alleging an onset date of July 8, 2008. Tr. 352, 413.[2] Plaintiff's date last insured ("DLI") was June 30, 2015. Tr. 18. Her applications were denied initially and on reconsideration. Tr. 15.

On March 18, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 45. On November 30, 2021, the ALJ found Plaintiff not disabled. Tr. 34. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on chronic lower back pain with protrusion, irritable bowel syndrome ("IBS"), incontinence, chronic depression, severe anxiety, migraines, limited

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 10.

range of mobility in her left arm, posttraumatic stress disorder ("PTSD"), and a learning disability. Tr. 441. At the time of her alleged onset date, she was 39 years old. Tr. 34. She has completed the eleventh grade and has past relevant work experience as an on-call bus driver and a childcare attendant, school. Tr. 32, 442.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date and through her date last insured. Tr. 18. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease, left low back lipoma, migraines, irritable bowel syndrome (IBS)/colonic diverticulitis, coronary artery disease (CAD) with myocardial infaction (MI) and ST-Segment Elevation Myocardial Infarction (STEMI), fibromyalgia/chronic pain syndrome, depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD)." Tr. 19. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 19–21. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [C]limbing and stooping are limited to occasional. The claimant should have no exposure to loud noise, vibrations, or hazards. Due to mental impairments, the claimant is limited to simple routine job tasks with a DOT GED reasoning level of

> 2 or less, and should have only occasional interaction with the public, co-workers, and supervisors.

Tr. 22. Because of these limitations, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 31–32. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as collator operator, marking clerk, and routing clerk. Tr. 33. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 33–34.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues the ALJ erred by improperly rejecting the medical opinion of Anthony Glassman, MD. The Court disagrees.

I.  **Medical Opinion Evidence**

For claims filed on or after March 27, 2017, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" from each doctor or other source. 20 C.F.R. §§ 404.1520c(b), 416.920c(b)(2). In doing so, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Glassman provided a medical opinion for the Plaintiff on February 22, 2010. Tr. 939. In his consultative physical examination, Dr. Glassman observed that Plaintiff had no functional pain behavior, could sit to stand and turn and dress without difficulty, and that there were no

sensory deficits, noting that she was grossly intact to light touch, pinprick, and vibration throughout. Tr. 940. Dr. Glassman also observed that Plaintiff's fine motor control and movement were normal, her reflexes were intact, and motor strength was 5/5/ Tr. 940. He further noted that Plaintiff had a normal gait with a normal reciprocating pattern, that she did not use an assistive device, could heel and toe walk without difficulty, and could fully rise from a squatting position. Tr. 940. Plaintiff displayed no evidence of joint deformity, effusion, erythema or crepitus and her straight leg test was negative. Tr. 940. On testing, Plaintiff had a positive Faber test and displayed tenderness to palpation diffusely. Tr. 940.

Following his testing, Dr. Glassman opined that Plaintiff suffered from sub-optimally treated Fibromyalgia, low back pain, and depression. Tr. 940. He stated that Plaintiff would benefit from a trial of Lyrica or Savella along with water aerobics, and that while she rated her pain as 3-7/10 this was greater than objective findings. Tr. 940. According to Dr. Glassman, Plaintiff could work at light duty lifting 20 pounds occasionally and 10 pounds frequently, should not stand or walk more than one to two hours in an eight-hour workday or more than 15 minutes at one time, and that he doubted she could travel any more than local distance due to her pain. Tr. 940.

The ALJ found unpersuasive Dr. Glassman's medical opinion as it pertained to Plaintiff's ability to stand and walk. Tr. 24, 940. Specifically, the ALJ found Dr. Glassman's stand/walk finding "inconsistent with his grossly normal physical examination (with the exception of tenderness to palpation)," and inconsistent with Plaintiff's CT scan showing mild degenerative disc disease at L5-S1 with no herniation or stenosis and only mild right perinephric fat stranding. Tr. 24–25, 599–602, 697, 782, 940, 955, 1191–92.

7 – OPINION & ORDER

Plaintiff argues the ALJ erred by not adequately analyzing Dr. Glassman's medical opinion for supportability, and that her positive Faber test and tenderness to palpation supported Dr. Glassman's stand/walk limitation. Pl. Br. at 7–8. However, as noted by the ALJ, Dr. Glassman undermined his own findings, noting that Plaintiff had no observable issues with standing or walking, and that her subjective complaints of pain were greater than any of his objective findings. Tr. 940. The ALJ is responsible for resolving any ambiguities in the record, and where the evidence could be viewed as "susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

Next, Plaintiff claims the ALJ has impermissibly cherry-picked information from Dr. Glassman's medical opinion by not specifically addressing Plaintiff's positive Faber test and by not specifically listing where Plaintiff was tender to palpation. Pl. Br. 8–9. According to Dr. Glassman, and as noted by the ALJ, Plaintiff's positive Faber Test and tenderness to palpation supported her Fibromyalgia and low back pain. Tr. 24, 697, 940. While the Faber Test and tenderness to palpation in Plaintiff's chest, interscapular area, lateral elbows, lumbosacral area, SI joints, greater trochanters, and medial knees were not specifically mentioned, any error was harmless because it was "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (internal quotations omitted). As discussed above, Dr. Glassman's stand/walk limitation was internally inconsistent and lacked supportability from his objective findings, which showed Plaintiff had grossly normal physical

findings and that her subjective complaints of pain were greater than his objective findings. Tr. 940.

In sum, the ALJ did not err in finding Dr. Glassman's stand/walk limitation unpersuasive. The ALJ evaluated the supportability and consistency of Dr. Glassman's medical opinion and provided adequate reasons for rejecting his assessment.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED: __March 13, 2024__ .

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER